In the Matter of MARY POWERS, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1992

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney),
for petitioner.

*Patterson, Belknap, Webb & Tyler* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Mary Powers was admitted to the practice of

law in New York by the Appellate Division, First Judicial Department, on December 8, 1963.

By affidavit dated April 7, 1992, respondent requests an order pursuant to 22 NYCRR 603.11 permitting her to resign as a member of the Bar of the State of New York. In compliance with 22 NYCRR 603.11, respondent states (1) that a proceeding charging her with professional misconduct has been commenced by the Departmental Disciplinary Committee (DDC), (2) that she cannot successfully defend herself on the merits, (3) that her resignation is fully and voluntarily submitted, (4) that she has not been subjected to coercion or duress, and (5) that she is fully aware of the implications of submitting her resignation.

The specific circumstances which compel respondent's resignation concern her unauthorized transfer of $78,000 of estate funds to herself to pay for legal services rendered during the client's life and to his estate. This transfer occurred in June 1987. Respondent admits that she did not submit a bill covering this withdrawal for legal services to the estate. The executor of the estate charged that said withdrawal was unauthorized and that the moneys taken by respondent had been wire transferred to her so that she could pay Federal and estate taxes. Respondent contends she was not aware of this restriction and that she had a "good faith belief" that the taxes owed would be *de minimus [sic].* However, in 1988 it became clear that the estate's tax liability was substantial and that her taking of funds in 1987 required the executor to remit $71,905.20 directly to the Internal Revenue Service. Respondent admits that her unilateral "misdirection of funds cannot be justified and constitutes a serious ethical violation."

The DDC supports respondent's request to resign.

Accordingly, respondent's request to resign from the Bar of the State of New York is granted on consent and her name is stricken from the roll of attorneys forthwith (22 NYCRR 603.11).

MURPHY, P. J., CARRO, MILONAS, WALLACH and SMITH, JJ., concur.

Respondent's resignation is accepted, and her name stricken from the roll of attorneys and counselors-at-law, effective immediately.